UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| MICHAEL HANNON, | : | |
| Plaintiff, | : | No. 3:15-cv-541 (JAM) |
| | : | |
| v. | : | |
| | : | |
| BOARD OF PARDONS AND | : | |
| PAROLES, *et al.*, | : | |
| Defendants. | : | |

**ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A**

Plaintiff Michael Hannon is a prisoner in the custody of the Connecticut Department of Correction. He has filed a complaint *pro se* and *in forma pauperis* seeking relief under 42 U.S.C. § 1983 for alleged violations of the U.S. Constitution. In essence, he complains that defendants have wrongly prevented him from being released on parole. For the reasons set forth below, I dismiss his complaint on the ground that most of the defendants are not subject to suit at all under § 1983 and that plaintiff does not set forth plausible grounds for relief as to the remaining (and peripheral) defendants.

**BACKGROUND**

Plaintiff's complaint names the following defendants: the Board of Pardons and Paroles ("the Board"), three Board members (Erika Tindill, Pamela Richards, and Kelly Smayda), two Board employees (John DeFeo and Jessica Bullard), two judges of the Connecticut Superior Court (Judge Stanley Fuger and Judge William Bright), and one state court clerk (William Salvatore).[1]

---

[1] I have ruled on or have pending on my docket several other lawsuits recently filed by plaintiff. *See Hannon v. Schulman & Assocs.*, 2015 WL 3466847 (D. Conn. 2015) (dismissed pursuant to 28 U.S.C. § 1915A); *Hannon v. Maldonado*, No. 15-cv-00446-JAM (D. Conn. filed Mar. 27, 2015); *Hannon v. Maldonado*, No. 15-cv-00426-JAM (D. Conn. filed Mar. 24, 2015); *Hannon v. Chief Pub. Defender*, No. 15-cv-00418-JAM (D. Conn. filed

I accept as true the following allegations from plaintiff's complaint. Plaintiff was found guilty following a jury trial in state court, and he was sentenced in February 1998 to a 25-year term of imprisonment. His earliest possible parole date was August 26, 2010, after he had served 50 percent of his sentence.

During the year preceding his parole eligibility date, plaintiff filed several grievances and lawsuits against various correctional officials and against the Board. Two of the Board members (Richards and Smayda) had worked at the Department of Correction and been the subject of plaintiff's prior grievances in connection with their administrative responsibilities with the Department of Correction.

The Board conducted plaintiff's parole hearing on June 18, 2010. Defendants Tindill, Richards, and Smayda were members of the three-person panel. They voted to put plaintiff on parole but would not allow parole to commence until February 24, 2013. The panel also ordered plaintiff to complete a so-called "Tier 4" residential, in-house program before being released on parole. According to plaintiff, this requirement was unfair because he had already completed many Department of Correction programs, including completing college courses and obtaining a paralegal certificate. He had received only one disciplinary report in the last ten years and had been sober for sixteen years.

Plaintiff contends that the Board's panel was not impartial and that the delayed parole date and unfair terms were set in retaliation for the grievances and lawsuits he had filed. Following the hearing, the Department of Correction refused to transfer plaintiff to a correctional

---

Mar. 23, 2015); *Hannon v. Ford*, No. 15-cv-00085-JAM (D. Conn. filed Jan. 10, 2015).

facility with the Tier 4 program that he was required to complete to be released on parole.

Although plaintiff's complaint is less than clear on the sequence of events, it appears that plaintiff was released on parole as scheduled in early 2013. But then he was arrested and pleaded guilty in April 2013 to a reckless driving offense, and the Board panel revoked plaintiff's parole on June 6, 2013. The Board panel determined that plaintiff could be re-paroled on June 2, 2016, but it included as a condition of re-parole that plaintiff not drive. Plaintiff contends that these restrictions were again in retaliation for the lawsuits and grievances he had filed years earlier.

In late 2014, plaintiff wrote a letter to the Board's executive director—defendant DeFeo—to complain about the composition of the parole revocation panel. But another Board staff member—defendant Bullard—allegedly intercepted the letter and returned the letter to plaintiff, advising him that he could not write to defendant DeFeo. Plaintiff contends that this denied him his constitutional right to redress grievances.

As for the remaining three defendants, plaintiff alleges that these judges and the clerk from the Connecticut Superior Court for the Judicial District of Tolland have joined in a conspiracy to cover up the wrongful actions of the other defendants, because they have not adjudicated a state habeas corpus petition alleging the defendants' wrongdoing that plaintiff filed in September 2014.

Plaintiff requests that the Court enter an injunction to release him on parole and subject to reasonable restrictions on his ability to drive a car, that the Court enter declaratory relief to have a neutral and detached parole board, and that the Court award punitive damages of $50,000 against each defendant.

**DISCUSSION**

Pursuant to 28 U.S.C. § 1915A(b), the Court must conduct an initial review of prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. The Court must accept as true all factual matters alleged in a complaint, although a complaint may not survive unless its factual recitations state a claim to relief that is plausible on its face. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Mastafa v. Chevron Corp.*, 770 F.3d 170, 177 (2d Cir. 2014) (same). Nevertheless, it is well established that "pro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (*per curiam*) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

In light of this governing law, I conclude that plaintiff's complaint must be dismissed. As to plaintiff's claims against the Board, it is an agency of the State of Connecticut and is not a "person" subject to suit under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64, 66–68 (1989); *see also Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (noting that "absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court"). Nor are any of the State official defendants subject to suit under § 1983 to the extent that they are sued in their official capacity. *Will*, 491 U.S. at 70–71; *Graham*, 473 U.S. at 169.

That leaves only plaintiff's individual-capacity claims against each of the individual

defendants. As to Judges Bright and Fuger, plaintiff's claims against them—seeking to hold them liable for failure to adjudicate his habeas corpus petition on a timely basis—are plainly barred by absolute judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) (*per curiam*) (noting that "[a] long line of this Court's precedents acknowledges that, generally, a judge is immune from a suit for money damages" and that "judicial immunity is not overcome by allegations of bad faith or malice"). Judges are immune not only from claims for money damages but also from claims for injunctive relief under § 1983. *See Huminski v. Corsones*, 396 F.3d 53, 74–75 (2d Cir. 2005). No exception to judicial immunity applies because the allegations against the judges relate to actions taken in their capacity as judges, rather than actions in their non-judicial capacity or actions taken in the complete absence of jurisdiction. *See Mireles*, 502 U.S. at 11–12.

Most of the remaining non-judge defendants also have judicial immunity because the allegations against them stem from their participation in judicial or judge-like functions. To determine whether judicial immunity is warranted, the Court considers "'the nature of the function performed, not the identity of the actor who performed it.'" *Root v. Liston*, 444 F.3d 127, 131 (2d Cir. 2006) (quoting *Forrester v. White*, 484 U.S. 219, 229 (1988)).

Accordingly, judicial immunity extends to defendant Salvatore as a clerk of the Connecticut state court with respect to plaintiff's claims that he has delayed the adjudication of plaintiff's habeas corpus petition. *See Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997) (clerk of court has absolute immunity from due process claim that clerk failed to properly manage the court calendar and bring plaintiff's case to fruition because "[a] court's inherent power to control its docket is part of its function of resolving disputes between parties" and "[t]his is a function

5

for which judges and their supporting staff are afforded absolute immunity.").

Absolute judicial immunity likewise extends to each of the defendant parole board members Tindill, Richard, and Smayda with respect to plaintiff's claims about their parole release decisions and terms. It is firmly established that "parole board officials, like judges, are entitled to absolute immunity from suit for damages when they serve a quasi-adjudicative function in deciding whether to grant, deny or revoke parole." *Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999) (*per curiam*).[2]

As for the final two defendants—defendants DeFeo and Bullard, who are staff members of the Board—I need not consider whether they also warrant the protection of absolute judicial immunity, because it is clear that the complaint does not state plausible grounds for relief against either of them on plaintiff's theory that they denied him his First Amendment right to petition for redress of grievances. As to defendant DeFeo, plaintiff does not allege that he did anything wrong. Plaintiff complains only that DeFeo's assistant, defendant Bullard, refused to deliver a complaint letter to him. Accordingly, for lack of personal involvement, defendant DeFeo may not be liable to plaintiff under Section 1983. *See Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013) ("It is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show, *inter alia*, the defendant's personal involvement in the alleged constitutional deprivation.").

Lastly, as to defendant Bullard, plaintiff's allegation that she intercepted a single letter to defendant DeFeo and returned it to plaintiff and advised that he could not write to defendant

---

[2] There is no indication from plaintiff's complaint that the parole board members were engaged in administrative, rather than judicial functions, for which they arguably might be entitled to something less than

6

DeFeo does not set forth a plausible ground for relief under the First Amendment. Apart from whether defendant Bullard prevented plaintiff from complaining to defendant DeFeo, there is nothing to suggest that plaintiff was categorically barred from complaining to the Board itself or to any other public officials about his alleged mistreatment by the Board. The First Amendment "functions only to prohibit the government from obstructing the right to petition" and it "'does not impose any affirmative obligation on the government to listen, to respond or . . . to recognize [a grievance].'" *Boddie v. Alexander*, 356 Fed. App'x 438, 440 (2d Cir. 2009) (quoting *Smith v. Ark. State Highway Emps.*, 441 U.S. 463, 465 (1979) (*per curiam*)). Nor has plaintiff plausibly alleged any harm from defendant Bullard's conduct. *See Torres v. Trombly*, 2004 WL 1497542, at *7–8 (D. Conn. 2004) (dismissing First Amendment redress-of-grievance claim where no harm to prisoner from interception of grievance by prisoner to prison warden).

## CONCLUSION

For the reasons set forth above, plaintiff's complaint is DISMISSED pursuant to 28 U.S.C. § 1915A.

The Clerk of Court shall close this case.

It is so ordered.

Dated at Bridgeport this 22nd day of June 2015.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge

---

absolute immunity. *See King v. Simpson*, 189 F.3d 284, 288 (2d Cir. 1999).